IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| TROY COULSTON, | ) | |
|---|---|---|
| | ) | Civil Action No. 14 – 112J |
| Plaintiff, | ) | |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| STEVEN GLUNT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On May 29, 2014, Troy Coulston ("Plaintiff") initiated this action by the filing of a Motion for Leave to Proceed *in forma pauperis* and a Complaint alleging violations of his rights pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was docketed on June 17, 2014. (ECF No. 5.) In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court, all pretrial matters were referred to United States Magistrate Judge Lisa Pupo Lenihan.

In response to Plaintiff's Complaint, Defendants filed a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 21.) On May 22, 2015, Magistrate Judge Lenihan issued a Report and Recommendation, recommending that the Motion be denied in part and granted in part. (ECF No. 41.) The parties were given until June 8, 2015 to file written objections, and the time for doing so was thereafter extended to July 13, 2015 upon the request of Plaintiff. (ECF Nos. 42, 43.) Instead of filing objections, Plaintiff filed a Motion for Leave to Amend his Complaint along with a proposed amended complaint. (ECF No. 44, 44-1.) For the

1

following reasons, Plaintiff's Motion to Amend will be denied as futile and the Report and Recommendation will be adopted as the Opinion of the Court.

With regard to the Motion to Amend, the only notable difference between Plaintiff's original Complaint and the proposed amended complaint relates to Plaintiff's due process claims. In his original Complaint, Plaintiff alleged that Defendants Young, Shea, Glunt, Chencharick and Varner violated his due process rights because they failed to investigate and notify the police of Defendant Wilt's assault when Plaintiff requested that they do so. According to the Magistrate Judge, Defendants' actions did not impair a protected liberty interest, so it was recommended that the claim be dismissed. The Magistrate Judge also noted that the Defendants' respective roles in the grievance review process were insufficient to establish personal involvement in a civil rights action. With regard to the due process claim asserted against Defendant Wilt, it was recommended that it be dismissed because there were no facts in the Complaint that supported a plausible claim for relief.

Plaintiff now wants to amend his Complaint in an attempt to state a due process claim. In his proposed amended complaint, he alleges that Defendants Young, Shea, Glunt, Chencharick and Varner denied him due process because they failed to investigate and notify the police of Defendant Wilt's actions and Plaintiff maintains that they were required to do pursuant to "DOC state policy, rules and regulations." (ECF No. 44-1 at ¶¶ 13, 15-16, 18, 20, 22, 42, 44, 49, 51, 54, 56, 58, 60, 62, 64.) He further claims that Defendant Wilt failed to report his crime to the authorities and to notify medical personnel of Plaintiff's injuries as he was required to do pursuant to "DOC state policy, rules and regulation." Id. at ¶¶ 14, 25, 30-31.

Despite the changes made in the proposed amended complaint, Plaintiff has still failed to state a due process claim against the Defendants. In general, to prevail on such a claim, a

plaintiff must show the deprivation of a protected liberty or property interest that occurred without due process of law. *See* Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Plaintiff, however, fails to state in what specifically he had a liberty or property interest. Liberally construing the proposed amended complaint, it appears Plaintiff alleges that he was deprived of his interest in having prison staff investigate and notify police of his assault allegations and having his alleged attacker turn himself in to authorities and notify medical staff of his injuries. This, however, implicates neither a liberty nor property interest.[1]

Moreover, Plaintiff's reliance on unspecified "DOC policies, rules and regulations" to support his claim fails to meet even the threshold requirement of alleging the existence of a state-created liberty interest. As such, Plaintiff fails to state a due process claim. Further, the Court finds that it would be futile to allow Plaintiff to amend his Complaint with respect to a due process claim because, as stated above, he was deprived of neither a liberty nor property interest.[2]

---

[1] The United States Supreme Court has limited protected liberty interests "generally . . . to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See* Sandin v. Conner, 515 U.S. 472, 484 (1995). By limiting liberty interests to these freedoms from restraint, the Court demonstrated its concern with only those conditions that exceed an inmate's lawful sentence, such as those that affect the duration of imprisonment or that significantly limit freedom beyond what would normally be expected during incarceration. Id. Courts have found these freedoms to include an individual's freedom from the institution (for example, pre-parole, work release, and good-time credits) and those involving deprivation within prison (for example, disciplinary or administrative segregation).

[2] Although irrelevant to whether or not Plaintiff has stated a due process claim, the Court also notes that Plaintiff admits that he was provided with the mailing address of the police and told that he could contact them if he wanted to file a complaint. He also admits that Defendant Wilt, who he alleges failed to notify his superiors of his actions, was reprimanded by Defendant Shea, who he alleges failed to investigate his claims. Also, Plaintiff admits that he was provided with medical care following the alleged assault even though he complains that Defendant Wilt failed to notify medical personnel of his injuries.

There being no other objections to the Magistrate Judge's Report and Recommendation, the following Order is entered.

AND NOW, this 15th day of July, 2015;

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss (ECF No. 21) is denied as it relates to Plaintiff's retaliation and assault claims and granted in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (ECF No. 44) is denied as futile.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 41) is adopted as the Opinion of the Court.

**AND IT IS FURTHER ORDERED** that this case is remanded back to the Magistrate Judge for all further pretrial matters.

By the Court:

Kim R. Gibson
United States District Judge

cc: Troy Coulston
BK-3534
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698