IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

TROY COULSTON,  )
　)
　　Plaintiff,　)　　3:14-CV-00112-KRG
　)
vs.　)　　MAGISTRAGE JUDGE LENIHAN
　)　　ECF NO. 55
STEVEN GLUNT, MR. WILT, MR.　)
YOUNG, SHEA, DORETTA　)
CHENCHARICK, DORINA VARNER,　)
JOHN DOE,　)

　　Defendants,

**REPORT AND RECOMMENDATION**

I.　RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 55) be denied.

II.　REPORT

Plaintiff, Troy Coulston, is an inmate in the custody of the Pennsylvania Department of Corrections. He has filed a complaint that excessive force was used against him while in prison. Presently before the court is a motion for a temporary restraining order and a preliminary injunction alleging that the mailroom is opening his legal mail outside of his presence. He asked that the court enjoin the mailroom personnel from continuing to do this. The court ordered Defendants to file a response to this motion. The response was filed on September 24, 2015. ECF No. 65.

In Defendants response they do admit that mail from counsel for the Defendants was opened outside of Plaintiffs presence. Defendants are correct that this is not a violation of any

1

policy nor does it amount to an infringement of Plaintiff's constitutional rights. The only mail that is protected as confidential is mail from Plaintiff's own attorney. In this case, Plaintiff does not have counsel.

Because he is seeking injunctive relief, Plaintiff has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69,

72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With the above considerations in mind, Plaintiff has not demonstrated that preliminary injunctive relief is warranted in this case.

III.   CONCLUSION

It is respectfully recommended that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (ECF No. 55) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

DATED this 25th day of September, 2015.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

Cc: **TROY COULSTON**
BK-3534
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698